PER CURIAM.
The appellant was adjudicated delinquent for committing the offense of battery and committed to a moderate-risk facility. The appellant contends that the trial court erred in deviating from the Department of Juvenile Justice’s probation recommendation. We agree and reverse.
In order to deviate from the Department’s disposition recommendation, the trial court must identify adequate reasons that are supported by a preponderance of the record evidence and set forth *1281 those reasons in the context of the needs of the child. See A.C.N. v. State, 727 So.2d 368, 371 (Fla. 1st DCA 1999); D.R.B. v. State, 876 So.2d 700, 700-01 (Fla. 1st DCA 2004); N.B. v. State, 911 So.2d 833 (Fla. 1st DCA 2005). In this case, the appellant underwent a psychological evaluation, which revealed that he was sexually abused as a young child. The evaluating psychologist, Dr. Jennifer Weitzel, concluded that the appellant is in need of intense psychosexual treatment because he has an increased risk of becoming a sexual offender as a result of the past abuse. In accordance with Dr. Weitzel’s report, the Department recommended probation with the requirement that the appellant complete a sexual offender day treatment program. At the final disposition hearing, the Department informed the trial court that the appellant would not be able to receive the necessary treatment if committed to a moderate or high-risk juvenile facility. Nevertheless, the trial court rejected the Department’s recommendation and committed the appellant to a moderate-risk facility concluding that commitment was necessary to protect young females in the public school system and young children in general. This basis, however, is not supported by a preponderance of the record evidence. Female students in the public school system would not be at risk because the appellant would not be enrolled in public school, but would be attending the treatment program from the early morning hours until the late evening. With regard to young children, Dr. Weitzel noted that the appellant should only be “monitored” around his younger siblings as he does not demonstrate any pedophilic interests.
Additionally, the trial court failed to set forth its reasons for deviation in relation to the needs of the appellant. Indeed, the trial court wholly disregarded the needs of the appellant, as the judge specifically stated that he did not care whether the appellant received the treatment recommended by Dr. Weitzel and the Department. Given the appellant’s history of sexual abuse and his potential to become a future sexual offender if not given the treatment recommended, it was even more critical for the trial court to reference the needs of the appellant in deviating from the Department’s recommendation.
Because the trial court failed to identify adequate reasons for deviating from the Department’s recommendation and set forth such reasons in the context of the needs of the appellant, the final disposition order is reversed. Upon remand, the trial court should conduct further proceedings consistent herewith.
REVERSED and REMANDED.
DAVIS, BROWNING and LEWIS, JJ, concur.